UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO BADIA, | Civil No. 10-5662 (JLL) |
| Plaintiff, | |
| v. | **ORDER** |
| WARDEN, HCCC, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. On October 7, 2010, the Clerk received a complaint docketed in the Civil Action No. 10-5381 (PGS); the complaint named eight persons as plaintiff's in that matter and sought certification of a certain class, with these eight persons being proffered as class representatives. See Docket Entry No. 1, at 1. Plaintiff was one of those eight persons. See id.

2. On October 28, 2010, Judge Sheridan, presiding over the Civil Action No. 10-5381, issued a memorandum opinion and order ("Judge Sheridan's Order") denying class certification, explaining to the plaintiffs the filing fee consequences of proceeding in a joint action in forma pauperis, detailing to the plaintiffs the standing requirement which prevents the plaintiffs from pursuing the claims of other individuals, clarifying to the plaintiff's the pleading requirement pursuant to which each plaintiff had to detail the facts underlying that particular plaintiff's individual claims, directing the Clerk to open a new and separate matter for all persons named as plaintiffs in that action, and mandating each such plaintiff to submit: (a) that plaintiff's in forma pauperis application; and (b) that

particular plaintiff's individual amended complaint setting forth *the facts underlying that plaintiff's own claims*. See generally, Docket Entry No. 1.

3. Plaintiff's instant action was initiated as a result of Judge Sheridan's Order.

4. On November 15, 2010, Plaintiff s submitted his "amended" complaint, which effectively replicated the original complaint dismissed by Judge Sheridan. See Docket Entry No. 3.

5. On November 29, 2010, Plaintiff submitted his application to proceed in this matter in forma pauperis. See Docket Entry No. 4.

6. In light of the shortcomings of Plaintiff's in forma pauperis application, as well as in light of the shortcomings of his "amended" complaint, the Court finds it warranted to re-explain to Plaintiff, once again, the submissions Plaintiff has to make in order to begin duly prosecuting his challenges.

7. The requirements with regard to in forma pauperis status are as follows:

   a. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f).

   b. The filing fee for a civil rights complaint is $350.00. See 28 U.S.C. § 1914(a).

   c. If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and **a certified prison account statement for the six-month period immediately preceding the filing of the complaint**. See 28 U.S.C. § 1915(a)(2). d. Plaintiff is a confined individual. Plaintiff failed to pay his filing

    fee. He submitted his affidavit of poverty, but he did not submit his certified prison account statement. Since his "amended" complaint indicates that he is not in imminent danger of serious physical injury, he is not entitled to be granted <u>in forma pauperis</u> status until and unless he duly submits his certified prison account statement for the six-month period preceding that submission.

8. The requirements with regard to execution of Plaintiff's pleading are as follows:

    a. As Judge Sheridan explained, Plaintiff has no standing to raise – and, hence, cannot state – claims on behalf of other individuals.

    b. The pleading requirements demand factual specificity. While it is long established that a court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff," <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997), the court not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>See id.</u> Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct." Id.

Id. at 230-34 (original brackets removed).  This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant- unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the

> ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.  Moreover, personal involvement by a defendant is an indispensable element of a valid legal claim; such personal involvement may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights.  See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Conversely, where no personal involvement by the defendant is asserted, the plaintiff's claim against that defendant is subject to dismissal.  Rode, 845 F.2d at 1207.  Thus, it is well established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'"  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Personal involvement can be shown through allegations that a defendant directed a deprivation of a plaintiff's constitutional rights, see id.;

      Monell, 436 U.S. at 694-95 (1978), or if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff.  See Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed. App'x 240 (3d Cir. 2005).

   c.   Therefore, Plaintiff's amended complaint should not have been a repeat of the original "quasi-class" complaint dismissed by Judge Sheridan.  Rather, Plaintiff's amended complaint should have stated the facts of Plaintiff's own deprivations, if any.  Cf. Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (a plaintiff . . . must specify "'the who, what, when, where, and how: the first paragraph of any newspaper story'") (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)).

9.   In light of Plaintiff's failure to comply with Judge Sheridan's Order directing Plaintiff to submit Plaintiff's complete in forma pauperis application and Plaintiff's amended complaint detailing only the facts of Plaintiff's own challenges, the Court will deny Plaintiff in forma pauperis status, without prejudice, and will – in addition – dismiss Plaintiff's "amended" complaint also without prejudice.  Plaintiff will be provided with one final opportunity to cure these deficiencies.  Plaintiff, however, is expressly warned that **Plaintiff's failure to submit his certified prison account statement or Plaintiff's submission of another replication of the generalities-filled complaint dismissed by Judge Sheridan would result in conclusive closure of this action**.

IT IS THEREFORE on this 19th day of January, 2011,

ORDERED that the Clerk shall reopen this matter for the Court's examination of Plaintiff's in forma pauperis application and Plaintiff's amended complaint by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it further

ORDERED that Plaintiff's application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk shall administratively terminate this action, without filing the Complaint or assessing a filing fee, by making a new and separate entry on the docket reading "CIVIL CASE RE-TERMINATED"; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original, that is, the "quasi-class" complaint was timely.  See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that Plaintiff may have the above entitled case reopened if, within 30 days of the date of the entry of this Order, Plaintiff:

a.  either pre-pays the $350.00 filing fee or files with the Clerk Plaintiff's certified prison account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a), and

b.  files his second amended complaint setting forth, clearly and concisely, the facts underlying Plaintiff's own – and only his own – challenges; and it is further

ORDERED that, if Plaintiff timely prepays the $350.00 filing fee (or files his affidavit of poverty and his certified prison account statement) and submits such second amended complaint, then the Court will enter an order directing the Clerk to reopen the case; and it is finally

ORDERED that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail, together with a blank <u>in forma pauperis</u> application form and a blank civil rights complaint.

/s/ Jose L. Linares<br>
Jose L. Linares<br>
United States District Judge